VINCENT MANGO, FRANCES MANGO, FRANK MANGO, DOMENICA MANGO, WILLIAM CORSINO, JENNY COR-SINO, ANTHONY CORTESE AND CONCETTIA CORTESE, PLAINTIFFS, v. ALBERT BRODSKO, SOL FARBSTEIN AND NEW DEAL LUMBER AND MILL WORK COMPANY, INC., A FOREIGN CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided September 16, 1954.

*Mr. Joseph R. Moss,* attorney for plaintiffs.

*Mr. James Hunter* III (*Messrs. Archer, Greiner, Hunter & Read,* attorneys), for defendants.

HANEMAN, J. S. C.   This matter concerns itself with cross-motions for summary judgment after the pleadings had been closed.

Plaintiffs herein seek to enjoin the defendants from continuing with the construction of a lumber yard upon the ground that the same would violate a covenant resulting from a neighborhood scheme established by the original owner of the entire tract of land upon which the realty of the plaintiffs and defendants is situated.

The defendants argue that based upon the pleadings, affidavits and depositions filed in connection with the application for an interlocutory injunction, the plaintiffs have (1) failed to demonstrate that a neighborhood scheme was created, and (2) that in any event, should it be conceded that a neighborhood scheme had at one time been created, it has been abandoned.

A motion for summary judgment should be granted with great caution.   It is to be granted only if it is obvious that there is no general issue and that as a matter of law the moving party should have judgment.   Such a judgment

cannot be rendered unless the pleadings, together with the affidavits and depositions, show palpably that there is no general issue as to any material fact. *Stacy v. Greenberg,* 9 *N. J.* 390 (1952) ; *Puccio v. Cuthbertson,* 21 *N. J. Super.* 544 (*App. Div.* 1952).

Conceding that the complaint here filed might be termed more or less skeletal and that additional facts could have been pleaded, our rules are intended

"to prevent the pleader from being foreclosed from asserting any rights to which he may be entitled until the true facts are made known. The power of discovery of the facts under the new practice and the ascertaining of the actual issues afforded by pretrial, which succeeds discovery, but precedes trial, should prevent sham and unnecessary pleadings from obscuring the true issues at trial." *Puccio v. Cuthbertson, supra.*

While, as in the *Puccio* case, *supra,* the complaint is somewhat sketchy in its factual allegations upon which the plaintiffs intend to rely in order to prove the existence of a neighborhood scheme, it must be construed in the light most favorable to the plaintiffs and against the defendants. A liberal interpretation seems to spell out a right of action against the defendants. It must be as well admitted in passing that the plaintiffs were not obliged, upon their application for an interlocutory injunction, to disclose by affidavits or depositions the entire case upon which they intend to rely upon a final hearing. In the light of the foregoing, it is conceivable that they could adduce at the time of trial sufficient evidence to establish a neighborhood scheme in one or more of the three methods referred to in *Scull v. Eilenberg,* 94 *N. J. Eq.* 759 (*E. & A.* 1923), and especially the second method. A motion for summary judgment, based at least in part upon affidavits, should not be used as a substitute for a trial of disputed questions of fact. It must appear, in order for the movant to be successful in such a motion, where reliance is had upon the pleadings, affidavits and depositions, that there is no genuine issue as to any material fact. The defendants have failed to sustain this burden, not only in the

establishment of a neighborhood scheme, but especially and particularly in connection with the alleged abandonment of any neighborhood scheme.

What has been said above concerning the defendants applies as well to the plaintiffs.

The respective motions for summary judgment will be denied.